IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60105
Conference Calendar

_____


GREGORY MCGEE,

                                        Plaintiff-Appellant,

versus

RUTH MOSELY,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98-CV-34-W-S
- - - - - - - - - -
October 22, 1998

Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit
Judges.

PER CURIAM:[*]

     Gregory McGee, Mississippi inmate # 77562A, proceeding *pro
se* and *in forma pauperis* (IFP) appeals the district court's
dismissal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),
of his civil rights lawsuit against Ruth Mosely, the Chairperson
of the Mississippi Department of Corrections Parole Board.  McGee
contends that information in his prison record, which was relied
upon in denying his release on parole is false and that Mosely
did not respond to his request to have information expunged from

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his record and to his grievance. McGee contends that the appellee's conduct implicated a liberty interest and violated his constitutional rights.

A complaint filed IFP is frivolous "if it lacks an arguable basis in law or fact." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). We review the dismissal of an IFP complaint as frivolous for an abuse of discretion. *Id.*

Inmates in general have "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). "The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997)(citation omitted), *cert. denied*, 118 S. Ct. 559 (1997). The extent of a prisoner's liberty interest in release on parole is defined by state statute. *See Board of Pardons v. Allen*, 482 U.S. 369, 371 (1987). The statutes creating parole in Mississippi confer "absolute discretion" on the Parole Board; thus, no liberty interest has been created, and federal due process rights are not implicated by procedures that deny parole. *Scales v. Mississippi State Parole Bd.*, 831 F.2d 565, 565-66 (5th Cir. 1987). McGee's assertion that the board considered unreliable or false information in making parole determinations does not demonstrate a federal constitutional violation. *See Johnson*, 110 F.3d at 308-09.

McGee's appeal is without arguable merit, is frivolous, and is DISMISSED. *See* 5th Cir. R. 42.2; *see Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). McGee is informed that the dismissal of his complaint as frivolous by the district court, and the dismissal of his appeal as frivolous, each constitue a "strike" under the "three-strike" provision of 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.